Manuel Perez v. The State.

No. 2868.    Decided May 10, 1905.

**1.—Rape—Continuance—Diligence—New Trial—Statute Construed.**

Where the evidence in a prosecution for rape, was of such a character that the question of consent in connection with resistance was the paramount issue, and the want of consent was not proven by that overwhelming character of

testimony that would justify the trial court to determine that the testimony of the absent witness was not probably true, a new trial should have been granted under article 597, Code Criminal Procedure, although the application for a continuance on account of such absent witness was properly overruled for a want of sufficient diligence to enforce the attendance of such witness.

**2.—Same—Severance—Practice—Exceptions in Limine.**

Where the question of severance between appellant and his codefendant was raised in his motion for new trial, instead of a timely objection by proper bill of exceptions, it could not be considered, although under the circumstances he could not have been forced to trial, before the court determined either by trial or final disposition the case of his codefendant.

**3.—Same—Charges Requested—Resistance Used by Prosecutrix.**

Where in a case of alleged rape, the State relied upon force in conjunction with threats, the evidence showing that the transaction occurred in broad daylight, in close proximity to a number of persons; the prosecutrix having two protectors along with her when she was first assaulted by defendant and his codefendant; that no resistance was used, and no outcry or attempt made to elude her assailants, it was the duty of the court to have submitted the requested charges to the effect that the prosecutrix was required to put forth resistance to prevent the outrage, the general charge failing to submit this issue.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dweyer.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

*Hallam & Neill,* for appellant.—In order to constitute rape by force, it is incumbent upon the State to show beyond a reasonable doubt that prosecutrix used every means in her power under the circumstances to prevent the intercourse, and it is error to charge the jury upon the theory that it is immaterial whether or not any resistance was in fact offered by prosecutrix, provided the force used by appellant was such as to be sufficient to overcome resistance on her part. Jenkins v. State, 1 Texas Crim. App., 346; Mooney v. State, 29 Texas Crim. App., 257; Fitzgerald v. State, 20 Texas Crim. App., 281; Jones v. State, 26 S. W. Rep., 1082; Rhea v. State, 30 Texas Crim. App., 483.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at death.

Appellant made a motion for continuance on account of the absence of one Pablo San Miguel. It may be conceded that sufficient diligence was not used to secure the attendance of this witness. But after the trial when the materiality of the absent testimony was made manifest, a new rule applies. Subdivision 6, article 597, Code Criminal Procedure. The latter portion of said subdivision provides, that should an application for continuance be overruled, and the defendant convicted, if it appear from the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be

granted. However, the judge put the seal of his condemnation upon this witness' testimony, by stating that it was not probably true. After reading the record in this case, we cannot agree to this statement. The testimony showed a most peculiar case of rape, in which the question of consent in connection with resistance was the paramount issue, and appellant was entitled to any evidence which would tend to strengthen his defense, that the copulation between prosecutrix and himself was voluntary on her part. It certainly cannot be said from the record, that the evidence of want of consent was of that overwhelming character that would justify the court in determining that the absent testimony was not probably true, and thus take away the testimony bearing on this fact, from the consideration of the jury.

Appellant in motion for new trial attempts to question the action of the court in regard to a severance between him and his codefendant. If this matter had been raised by a timely objection, and the point had been reserved by a proper bill of exceptions, we do not believe appellant could have been forced to trial under the circumstances; that is, the court should have had the case against appellant's codefendant determined either by trial or final disposition of the case before he forced appellant to trial. Manor v. State, 8 Texas Ct. Rep., 867; Wolf v. State, 9 Texas Ct. Rep., 946.

The most serious question is the action of the court refusing appellant's special requested instructions bearing on the question of the resistance the prosecutrix was required to put forth to aid them in determining whether or not she consented. On this subject, the court simply charged the jury, after defining force and threats, in the terms of the statute, that if the jury believed beyond a reasonable doubt, that defendant assaulted prosecutrix, and by the use of force and threats had carnal knowledge of her without her consent, and that the force used was sufficient to overcome resistance of the said prosecutrix, taking into consideration the relative strength of the parties, and that the threats, if any were such as might reasonably create a just fear of death or great bodily harm, in view of the relative condition of the parties, etc., in such case they would find defendant guilty, etc. Appellant requested a number of special instructions, which were refused by the court, to have the jury pass on this question of consent in connection with resistance on the part of prosecutrix. For instance, in special charge number 1, the following instruction was requested: "You are instructed that, if you find from the evidence that defendant had carnal knowledge of the woman Juana Mereles, then consent on her part to such carnal knowledge would be presumed, until the States proves beyond any reasonable doubt that said prosecutrix used every means within her power to prevent such intercourse." And again, special charge number 5 is, as follows: "You are charged that something more must be shown than a mere want of consent on the part of Juana Mereles to the intercourse, if any, with defendant, but it must appear from the evidence beyond all reasonable doubt that the said Juana Mereles made and

used every exertion and means within her power under the circumstances, to prevent intercourse, if any, with defendant: and if the evidence in this case upon this subject is such as to raise a reasonable doubt as to whether said woman did use every such exertion within her power, you will give defendant the benefit of such doubt, and acquit him." Now, as stated before, the facts of this case indicating rape, are somewhat peculiar. Prosecutrix, and two other Mexicans,—one claiming to be her husband, and the other her cousin—were traveling overland from San Luis Potosi, Mexico, to San Antonio, Bexar County. They stopped over night on Leona Creek, some six or seven miles from San Antonio. The next morning, in resuming their journey they were accosted by appellant and another Mexican, by name of Ranquel. According to the State's account, these two Mexicans forced prosecutrix and the two Mexicans with her, to leave the railroad track, and go through two wire fences into the timber. It appears from the State's testimony that when they were first accosted by these two Mexicans, they were near a gang of road workers. The witnesses show that appellant drew a pistol; that sometime during the transaction he threatened prosecutrix, and used the pistol and threats to drive the husband and cousin of prosecutrix away. It seems in the mean time that Ranquel was leading her along and helping her through the barbed wire fences. Appellant subsequently dispensed with his services and took charge of prosecutrix himself, and then, according to her account, carried her into the woods about a mile. She says he threw her down on the ground and penetrated her person. In the mean time her husband and cousin had become separated—her husband proceeding along the railroad to San Antonio. She says when she was released, she returned to the railroad, and rejoined her cousin, and they proceeded in the direction of San Antonio. In her account of the transaction she relates that appellant drew his pistol, and threatened her, and had it in his hand when he was having intercourse with her. These are in outline the facts attending this alleged rape. She states herself that she made no outcry, though she was near some persons who were working on the road at the time she was first accosted by appellant and his companion; that she went through two barbed wire fences. It appears at this time that all the parties were together. Ranquel, the companion and codefendant of appellant, opened the wire fences by pressing one wire down and raising another so that she could pass between them. Neither she, nor her husband or cousin in the mean time made any resistance, being as she said, forced along because she was afraid. On this statement in general terms the conviction in this case rests, which resulted in the death penalty.

Under the law and the decisions of this court a conviction for this heinous offense must be predicated upon something more than a mere want of consent. The statute requires force, and that force must be sufficient to overcome resistance. That apprehends that some character of resistance must be offered. Threats aside, which under certain cir-

cumstances might supplement force, it would be expected that some opposition would be offered. In this case, the State relied upon force in conjunction with threats. But here was a transaction occurring in broad daylight, in close proximity to a number of persons who were working on the road. The prosecutrix had two protectors along with her: her husband and cousin. She is only assaulted by two persons. Yet she and her companions appear to have submitted tamely to appellant's designs. No resistance was used; no outcry was made; no attempt to escape or elude her assailants was exercised. It occurs to us, under the circumstances of this case, it was peculiarly the duty of the court to safeguard appellant's rights by calling the attention of the jury to the proposition, that the prosecutrix was required to put forth resistance to prevent the outrage. The fact that appellant made threats and had a pistol, may be considered a strong circumstance to show that she was coerced. Notwithstanding this, a virtuous woman and her companions, would naturally be expected to do more in opposition to the outrage than is manifested by this record. At any rate it was the duty of the court to have instructed the jury on the question of resistance, and the charges requested on this subject should have been given. Price v. State, 35 S. W. Rep., 988; 36 Texas Crim. Rep., 143; Kennon v. State, 42 S. W. Rep., 376; Edmondson v. State, 44 S. W. Rep., 154.

Because of the errors discussed, in overruling motion for new trial based on the overruling of the continuance, and because of the refusal of the court to give the requested charges of appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*