## CHAS. DUSEK v. THE STATE.

### No. 3178. Decided October 11, 1905.

**1.—Assault to Rape—Impeachment of Witness—Limiting Testimony—Charge of Court.**

On a trial for rape where defendant had introduced testimony to impeach State's witness as to the place where the alleged assault took place, it was the duty of the court to limit it to the purposes of impeachment.

**2.—Same—Impeaching Testimony—Corroboration of Prosecutrix.**

On a trial for rape where the testimony of a State's witness was offered in corroboration of prosecutrix's testimony, rather than impeachment of defendant's witness, for which alone it could have been offered, the same was inadmissible.

**3.—Same—Limiting Testimony—Charge of Court—Impeachment of Witness.**

Where on a trial for rape the prosecutrix testified that defendant had complete carnal intercourse with her at the time and place alleged, and the court permitted the testimony of a witness who testified that prosecutrix told him

that defendant did not succeed in having intercourse with her, the court should have limited the testimony of this witness to the purpose of contradicting the testimony of the prosecutrix.

#### 4.—Same—Character of Witnesses Not Introduced as Witnesses.

On a trial for rape there was no error in refusing to permit defendant to prove the character of witnesses who had not been introduced as such, as to their truth, honor, and chastity; there being no evidence of any conspiracy on their part to authorize an attack on them.

#### 5.—Same—Fact Case—Charge of Court.

See opinion holding that there was no legitimate testimony authorizing a charge on assault with intent to rape.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

Appeal from a conviction of an assault with intent to rape; penalty, fifteen years imprisonment in the penitentiary.

The prosecutrix testified: "I was in my thirteenth year in the fall of 1903. I was living with the defendant and my mother. The defendant is my step-father. He had been married to my mother a little more than a year. They lived together until sometime in October, 1903, when they separated and have not lived together since. On Sunday, about the 2nd of September, 1903, I was assisting defendant in loading some cotton, from a cotton-seed house in the field, onto the wagon. I was in the crib and he was in the wagon taking the cotton as I passed it to him. He got out of the wagon and came into the seed house and threw me down and pulled up my clothes and got on me and did what he wanted to. He inserted his male organ into my female organ and it hurt me very much. The wagon was standing just in front of the door, and between the seed house and the house we lived in. While he was on top of me he told me that if I told anyone that he would kill me. I wanted to cry but was afraid to, I tried to get him not to but he threw me down and did it anyway, I did all I could to prevent him."

Most of the other testimony in the case is with reference to contradictory statements of prosecutrix; contradiction of witnesses; physical examination of prosecutrix by physicians, etc.

*R. Lyles, Freeman & Morrison,* for appellant. On question of limiting testimony: Winfrey v. State, 56 S. W. Rep., 919; Paris v. State, 35 Texas Crim. Rep., 82; 31 S. W. Rep., 857; Foster v. State, 28 Texas Crim. App., 45; 11 S. W. Rep., 832; Rogers v. State, 26 Texas Crim. App., 404; 9 S. W. Rep., 762.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of assault with intent to rape, and his punishment assessed at confinement in the penitentiary for a term of fifteen years; hence this appeal.

Appellant contends that the court erred in failing to limit in its

charge the testimony of the witnesses John Barker and Dan Cass to the purpose for which it was introduced to wit: the impeachment of the witness Stallmarch. It appears that on the trial appellant proved by Dr. Stoeltge that the prosecutrix told him that the act of carnal intercourse involved in this charge occurred in the branch among some high blood weeds, and not at the cotton house as testified by him. The two witnesses above named were introduced by appellant and testified that on a former trial of the case, Dr. Stoeltge did not testify that prosecutrix told him it occurred on the branch in some blood weeds, but that she told him it occurred in the cotton house. This evidence was introduced evidently for the purpose of impeaching the witness Dr. Stoeltge. However, was it likely that the jury might appropriate it for some other purpose? If so, it was the duty of the court to limit it to the purpose of impeachment. Jurors are ordinarily not men learned in the law or capable, unless instructed by the court, of confining evidence introduced for one purpose, but are apt to appropriate it for some other purpose apparently applicable. Here no doubt the jury were looking for evidence to sustain that of the prosecutrix, and they might have appropriated the testimony of these jurors to a corroboration of the prosecutrix. Hence, we believe the court should have limited the testimony by a proper charge.

We do not believe it was competent for the court to have admitted the testimony of the witness W. W. Chambers. While it may have been the purpose of the State to impeach the witness Anton Lesovsky, it was not in impeachment of him, because he testified, as did the witness Chambers, as to what occurred in his office. Witness Chambers was not present when witness Lesovsky testified what prosecutrix told him outside the office; and consequently the testimony was not in impeachment. So there was nothing to authorize the introduction of this character of testimony in order to corroborate the prosecutrix. If this testimony had been admissible, it should have been limited to the purpose of impeachment.

In our opinion it was the imperative duty of the court to have limited the testimony of the witness Lesovsky, which was to the effect that the prosecutrix told him on the outside of the office, after her statement made to Chambers (county attorney) that the defendant did not succeed in having intercourse with her; that he attempted to but failed. This testimony was introduced for the purpose of contradicting the testimony of the prosecutrix, who testified that appellant had complete carnal intercourse with her at the time and place stated. Evidently the jury must have appropriated this evidence as original testimony against appellant, inasmuch as they appear to have disregarded the testimony of the prosecutrix, and found a verdict which is alone sustained by this hearsay testimony, introduced merely for the purpose of impeaching the witness Lesovsky. If they had believed her testimony they should have found appellant guilty of rape, as charged in the indictment. However, they found him guilty of an assault with intent to

rape, and there is no testimony suggesting this, except this testimony of the witness Lesovsky.

We do not believe that the court erred in refusing to permit appellant to prove the character of Anna Dusek and Fannie Marshek, as to their truth, honor and chastity. They were not introduced as witnesses in the case. Nor was there any evidence of any conspiracy on their part to authorize an attack on them.

Appellant strenuously contends that the testimony, as shown in this record, is not sufficient to sustain the verdict; and furthermore that the court should not have charged on an assault with intent to rape at all, inasmuch as there was not legitimate testimony authorizing this charge. It occurs to us that the latter contention is correct. We are inclined to the view that the facts developed in this record fail to sustain the conviction. Gazley v. State, 17 Texas Crim. App., 267; Lawson v. State, 17 Texas Crim. App., 292; Draper v. State, 57 S. W. Rep., 655.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*