## EDMUND CHARLES v. THE STATE.

### No. 4501. Decided June 6, 1917.

**1.—Rape—Assault With Intent to Rape—Charge of Court.**

Where, upon trial of rape, the court refused a requested charge to submit the issue of assault with intent to rape, there was no reversible error, as the evidence showed that the assault was not only made but rape was fully accomplished, defendant denying any assault whatever. Following Dusek v. State, 48 Texas Crim. Rep., 519.

**2.—Same—Evidence—Practice in District Court.**

Upon trial of rape, to which defendant pleaded not guilty, there was no error in admitting testimony describing the ground where the alleged offense was committed, and the finding of a comb on the day after the alleged offense, in connection with the other facts and circumstances in the case. Following Sharp v. State, 71 Texas Crim. Rep., 633.

**3.—Same—Evidence—Declarations of Defendant.**

Upon trial of rape, there was no error in admitting in evidence the declarations of defendant denying that he had pushed a white woman in the gulley as testified to by State's witness, and claiming that it was a colored woman. Following May v. State, 33 Texas Crim. Rep., 74, and other cases.

**4.—Same—Witness—Sufficiency of the Evidence.**

Where, upon trial of rape, the State's case depended largely upon the testimony of a negro boy about twelve years of age supported by other facts and circumstances, all of which sustained the conviction, there was no reversible error, as the question of the competency of the witness was a matter for the court.

**5.—Same—Testimony of Prosecutrix—Sufficiency of the Evidence.**

While the courts have uniformily scrutinized with extreme care the testimony of the injured female in cases of rape, etc., yet this rule is not to prevent a conviction when there is nothing to discredit her testimony as in the instant case, which was corroborated by the defendant, by other testimony, and circumstances in the case, and the conviction must be sustained in case of rape assessing the death penalty.

Appeal from the District Court of Washington. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

*Albert Stone* and *T. B. Botts,* for appellant.—On question of assault with intent to rape: Jennings v. State, 190 S. W. Rep., 733; Duzek v. State, 89 S. W. Rep., 271.

*E. B. Hendricks,* Assistant Attorney General, and *Mathis, Teague & Embrey,* for the State.

MORROW, JUDGE.—Upon a sufficient indictment duly returned, appellant was tried and convicted of rape and his punishment assessed at death.

He was a negro and was living at the home of Wilson Glover. He

and Glover's son, a negro boy about twelve years old, were on their way to a neighbor's, and the route they were traveling intersected that upon which the injured party, Mrs. Koester, was walking. About the time appellant and the boy reached the point at which they came to the woman, the boy, on appellant's suggestion, stopped to wait for him at a gate. Appellant followed and overtook the woman and talked with her, exhibiting a knife according to her testimony and threatened to kill her if she made any demonstration. She, according to her testimony, was frightened and walked fast, but appellant kept pace with her, and when they reached a point in the road at which there was a bridge and gully, which point was some distance from where the boy stopped, the rape, according to her testimony, took place. The boy said that when she reached this point he heard her hollo and saw appellant grab her and back her into the gully, on the happening of which the boy turned and ran home and told his father of the occurrence. When appellant returned to Glover's house, the father of the boy mentioned the report that the boy had made. Appellant denied catching a white woman and said it was a colored woman. Appellant remained at Glover's house until his arrest two or three days after the date of the alleged offense. According to Mrs. Koester's testimony, when they reached the place near the bridge, appellant jumped on her and threw her down when she was exhausted with her efforts to escape him. She claimed to have exerted herself in struggling with and resisting him and to have cried out for help, and that appellant put his hand on her mouth, tried to choke her and threatened to kill her if she made further outcry, and that overpowering her he had sexual intercourse with her. She gave positive testimony as to penetration. After the occurrence she went to her home, meeting a witness by the name of Nordt about 300 yards from the bridge, and this witness testified that she was pale and had scratches on the face and chin, grass on her back and coat as though she had been lying down. She had no conversation with him, but on reaching home told her husband of the assault but did not immediately tell him that appellant had succeeded in actual penetration. She said she was afraid to tell her husband the negro had had intercourse with her at that time, but she later in the night did do so. Her husband was not a witness. Appellant was fully identified and testified to meeting a woman and following her and to the fact that the boy stopped, but denied any assault on her, claiming that as soon as he saw she was a white woman he turned and fled. He claimed that he did not touch her; that when following her he thought she was a colored woman; that he did not go nearer than 100 yards to the culvert. There was testimony that the next day the ground near the culvert was examined; that the weeds were mashed down and there were tracks on the ground and holes in the ground such as would be made by toes—shoe prints—and that at this point a comb belonging to Mrs. Koester was found.

The court's charge fairly presented the issues and was not excepted to.

Appellant, however, requested the court by a special charge to submit the issue of assault with intent to rape. The indictment for rape included the offense of an assault with intent to rape, but the court would not be required to give, nor justified in submitting to the jury, that issue unless the evidence was such as to raise it. Boyd v. State, 72 Texas Crim. Rep., 521; Wharton's Crim. Law, sec. 747; Shield v. State, 32 Texas Crim. Rep., 498; Sparf v. United States, 156 U. S., 51, 39 L. Ed., 343. An assault with intent to rape involves an assault upon a woman with intent to gratify his passion at all events, notwithstanding resistance on her part, but when the assailant succeeds in accomplishing his purpose, assault with intent to rape passes out, and it becomes rape. In this case from the appellant's testimony and theory there was no assault made. From the State's testimony and theory the assault was made and the purpose fully accomplished. The refusal of the charge was not error. Dusek v. State, 48 Texas Crim. Rep., 519, 89 S. W. Rep., 271.

We think there was no error in admitting the proof describing of the ground and the finding of the comb on the day after the offense is charged to have been committed. Rodgers v. State, 30 Texas Crim. App., 510; Sharp v. State, 71 Texas Crim. Rep., 633.

The declaration of appellant denying that he had pushed a white woman in the gully as reported by Glover's son and claiming that it was a colored woman was, in our opinion, admissible. May v. State, 33 Texas Crim. Rep., 74; Huffman v. State, 28 Texas Crim. App., 174; Davis v. State, 54 Texas Crim. Rep., 236; Wharton's Crim. Ev., secs. 429 and 683.

Appellant insists that, taking into consideration the youth of the boy who testified, and the fact that he had been instructed as to the consequences of perjury, and that he testified on cross-examination that he had talked the matter over with his father and the officers several times, and that he said that he didn't tell it exactly alike every time, and the alleged fact that Mrs. Koester's identification of the appellant was not positive and that in her first statement of the occurrence she did not report the penetration, the evidence is rendered insufficient to support the verdict of the jury.

There is nothing in the record which impresses us as indicating that the negro boy was not a competent witness. The question of his competency was committed to the court by our statute, article 788, and this is the general rule of evidence. Wharton on Ev., sec. 366; Branch's Crim. Law, sec. 554; Vernon's Ann. C. C. P., p. 699. We have carefully read his testimony both on direct and cross-examination, and we have discovered nothing therein which throws such suspicion or doubt on it as to justify us in sustaining appellant's contention. His proximity to the transaction is testified to both by the injured party and the appellant. Immediately after the assault he ran home and reported the matter to his father; and his subsequent detail of it on the trial is entirely consistent with the truth of his story.

In cases of this character this court, and courts of other jurisdictions have uniformly scrutinized with extreme care the testimony of the injured female  Pfefferling v. State, 40 Texas, 487; Wharton's Crim. Law, sec 733; Price v. State, 36 Texas Crim. Rep., 143; Perez v. State, 48 Texas Crim. Rep., 225.  The soundness of this rule is beyond question, and it ought not to be departed from, but it is not to be used to prevent a conviction on her testimony when there is nothing in her conduct to discredit her or in cases in which her testimony is sufficiently corroborated.  Coates v. State, 2 Texas Crim. App., 16; Goss v. State, 40 Texas, 520; Gazley v. State, 17 Texas Crim. App., 267; Montresser v. State, 19 Texas Crim. App., 281; Dove v. State, 36 Texas Crim. Rep., 105; Buchanan v. State, 41 Texas Crim. Rep., 127, 52 S. W. Rep., 769; Hamilton v. State, 41 Texas Crim. Rep., 599. In this case the prosecutrix is not descredited but is corroborated.  The fact that appellant was present at the commission of the offense and made an assault upon the prosecutrix was corroborated in the admission of the appellant in his testimony on the stand, in the testimony of the boy that he saw the appellant seize the woman and push her into the gully, in his running home and making the report to his father, and appellant's declaration to the boy's father shortly after the occurrence denying that he made an assault upon a white woman but admitting an assault upon a negro woman at the time and place described by the boy.  That there was force, bona fide resistance and want of consent was corroborated by the appearance of the woman, the blood on her face as described by the witness Nordt, the dirt on and disarray of her clothes, her prompt report to her husband and her outcry heard by the boy.  These facts and others developed on the trial, finding the comb at the place of the alleged assault and the condition of the ground and weeds, constitute such corroboration of her testimony as under the authorities mentioned would not warrant us in holding that the conclusion reached by the jury and approved by the trial court was not supported by sufficient evidence.

Fully conscious of the gravity of the case and after its most careful investigation, we are constrained to order the affirmance of the judgment of the lower court.

*Affirmed.*