MIKE TUCKER v. THE STATE.

No. 7345. Decided March 28, 1923.

**1.—Rape—Transfer of Indictment—Judg of District Court—Special Judge.**

Where, upon trial of rape, the regular District Judge had absented himself from the courtroom but was present in the city, and the members of the bar elected a special judge of said judicial district to hold court during the absence of said regular District Judge, and the special judge entered the order of transfer to another District Court of the same court, the proposition that the case had been improperly transferred is without merit, and was correctly overruled.—Following Greer v. State, 65 S. W. Rep., 1075. Distinguishing Patterson v. State, 87 Texas Crim. Rep., 95.

**2.—Same—Requested Charge—Penetration—Consent.**

Where, upon trial of rape, the defense of appellant was that in all of his conduct toward prosecutrix, he acted with her consent and approval, etc., and the main charge of the court explained only in a general way that force must have been used and pentration effected without the consent and against the will of the injured party, but in applying the law to the facts, appellant was entitled to have the issue pertinently presented affirmatively from his standpoint, which according to the defense testimony showed there was no penetration.

Appeal from the District Court of Wichita. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of rape by force; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Weeks, Morrow & Francis* for appellant.—On question of special judge; McGee v. Dickey, 23 S. W. Rep., 404; Texas & Pacific Coal Co. v. Ready, 198 id., 134, and cases cited in the opinion.

On question of refusing requested charge: Perez v. State, 87 S. W. Rep., 350; Owens v. State, 46 id., 240.

On question of special judge; Lowe v. State, 201 S. W. Rep., 986; Greer v. State, 65 id., 1075.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, Judge.—Appellant was convicted for rape by force upon Ethel Elledge. Conviction followed with punishment assessed at six years in the penitentiary.

The indictment was returned into the 78 District Court of Wichita County and transferred to the 89th District Court of the same County. When the case was called for trial a plea to the jurisdiction was interposed, based upon the proposition that the case had been improperly transferred. E. W. Napier was Judge of the 78th District, and at the time of the transaction inquired about was a candidate for governor. He was preparing to make a trip to other portions of the State in the interest of such candidacy. He absented himself from the courtroom but was present in the city of Wichita Falls. The members of the bar elected R. E. Hardewicke special judge of the 78th District to hold court during the absense of Judge Napier, and the Special Judge entered the order of transfer. The question of jurisdiction is based upon the theory that Judge Napier having been in the city of Wichita Falls was not "absent" in contemplation of of Article 1678, Rev. Civ. St., and therefore that the election of Hardewicke as special judge was unauthorized and the order of transfer entered by him not effective. We do not discuss the question at length but believe Greer v. State, 65 S. W. Rep., 1075, settles the question adversely to appellant's contention. Patterson v. State, 87 Texas Crim. Rep., 95, 221 S. W. Rep., 596, cited in support of the proposition, we do not regard as being in point. The matter under consideration there was not the election of a special judge by the bar, but an agreement upon a special judge to try the particular case, and involved the construction of another article of the statute and Section 11, Article 5 of the Constitution of the State.

Quite a number of questions are raised by bills of exceptions, which we think unnecessary to discuss as they will not likely arise upon an-

other trial, and as the case must be reversed upon other grounds.

Appellant and prosecutrix were strangers. Her story is that some three weeks before the alleged offense he invited her to ride in his car, which invitation she accepted; that after driving around for a while, appellant went into the country and forcibly took her out of the car, and his conduct indicated that he intended to have improper relations with her; that she protested, whereat he apologized, claiming that he had to do something to find out whether she was "good or bad;" that they drove back to town and upon his promise that he would be "nice," she agreed that he might take her home from the picture show that night, which he did; that she met him upon one or two other occasions and went riding with him; that during one of these rides (as she expressed it) he talked "naughty," but again apologized and promised not to do so any more; that on the Sunday the offense is alleged to have occurred she went with him in a Ford roadster to Lake Wichita; that a Mrs. Berry and a Mr. Shubert went with them; that after remaining at the lake for some time they came back to Mrs. Berry's house, where appellant gave prosecutrix some ice cream in a glass; that it had a peculiar taste and he told her it was flavored with whisky but not strong enough to hurt her; that she had promised to have dinner that night with a lady friend; that appellant took her to this place and said he would return at seven-thirty to take her home; that after dinner he did return at the time agreed upon; that they again went by Mrs. Berry's house; she invited prosecutrix to get out of the car and come in but she declined to do so, and she was feeling ill and weak and wanted to go home; that appellant, instead of taking her home, drove out into the country; that she continued to feel strange and seemed to have lost all her strength and finally slipped from the seat of the car down into the bottom of it; that when appellant finally stopped the car he took her out and pushed her down on the ground, raised her clothing and took off her underwear; that she was protesting all the time and used what little strength she appeared to have to defeat his purpose; that she continued to protest, but apparently had no strength to resist him; that she screamed just as his private entered her person and that he immediately stopped; that she cried and threatened to report him if he had ruined her, whereupon he made the threat to "put her down and finish the job if she felt that way about it." The next morning she consulted a physician and had a personal examination made. From the testimony of the physician it would appear that recent laceration and penetration had occurred. The testimony of appellant in many particulars co-incides with that of prosecutrix as to the circumstances of their first meeting and subsequent association. He denied·that he took her out of the car by force on the afternoon of the first meeting, but says she got out willingly and they walked some distance from the car; he admits that when he at-

tempted familiarity with her she protested and he desisted. His statement is that during the subsequent meetings with her she permitted him to hug and kiss her without complaint; that on the afternoon of the Sunday this offense is alleged to have occurred he, with four going in a Ford roadster; that they remained at the lake for prosecutrix, Mrs. Berry and Mr. Shubert went to Lake Wichita, the some time and upon returning Shubert drove the car and prosecutrix sat in his (appellant's) lap; that they were fondling and kissing one another, and that Shubert reprimanded prosecutrix, or rather protested at her conduct on the road; that upon their return to Mrs. Berry's he got some ice cream for prosecutrix; that it was flavored with whisky, but she complained that it was not strong enough and put additional whisky in it twice before she finished eating it; that she was sitting in appellant's lap and he was feeding her with a spoon; that after they started driving that night each took two or three drinks of whisky; that when they got to the place where the alleged offense was committed he helped prosecutrix out of the car; that she said she wanted to lie down, and he took the cushion out of the car for her; that he raised her clothing and took her bloomers off of one limb; that she was not protesting but was lying with her hands at her sides; that she made no objection until just at the time he was in the act of inserting his privat~ into her person when she screamed and asked him to stop; that as soon as she did this he attempted to go no further. He denies postively that he ever penetrated her person, and says that from her conduct during the afternoon and that night and prior thereto he had been led to believe that she would consent to intercourse with him; that while he intended to indulge in such act it was not his purpose or intention to do so by force.

Mrs. Berry and Shubert corroborated appellant's testimony as to prosecutrix conduct on the Sunday afternoon in so far as her familiarity with appellant in their presence was testified to by him, and about her adding additional whisky to the ice cream after they returned to Mrs. Berry's house; also about prosecutrix declining to come in at Mrs. Berry's invitation but insisted on going riding. A physician who examined prosecutrix on the day of the trial testified that he found a condition which would indicate either that prosecutrix had been practicing masturbation, or some operation had been performed on her by the use of instruments, or that she had indulged in many acts of intercourse with some one; that her private presented every indication of a woman who had long been married.

The court charged the jury that if they found from the evidence beyond a reasonable doubt that appellant by force, violently ravished and had carnal knowledge of prosecutrix without her consent and against her will they would find him guilty. No affirmative defense of any character was submitted. Among other exceptions lodged to

the charge of the court was that it omitted an affirmative presentation of appellant's defense and did not expressly instruct the jury to find him not guilty if force and actual penetration were not proved beyond a reasonable doubt. After presenting this exception among others to the court's charge, the following special charge was requested:

"You are charged that unless you find and believe from the evidence beyond a reasonable doubt that the defendant, Mike Tucker, by force as that term has been defined to you in the court's main charge actually penetrated the sexual organ of Ethel Elledge with his male organ, said penetration being without the consent, express or implied, of the said Ethel Elledge, and unless you further find from the evidence beyond a reasonable doubt that at the time of the alleged act that the said Ethel Elledge exerted every reasonable means at her disposal taking into consideration the relative strength of the parties and their surrounding circumstances; to prevent said alleged penetration, then you will acquit the said defendant of the charge of rape by force."

The refusal of this charge is assigned as error. Appellant's defense was that in all of his conduct toward prosecutrix he acted with her consent and approval; that her acts toward him had been of such character that he had every reason to believe she would consent to intercourse with him and that at the time of the alleged offense when she refused to go further in the matter than as testified to by him he immediately desisted. The issues of force and penetration are pertinently raised by the evidence and we believe the special charge requested should have been submitted. A similar question was raised in Owens v. State, 46 S. W. Rep., 240. The main charge explained in a general way that force must have been used and penetration effected without the consent and against the will of the injured party, but in applying the law to the facts appellant was entitled to have he issue pertinently presented affirmatively from his standpoint. This we do not think was accomplished by anything in the court's charge.

For the error discussed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*