ALTON PARKER v. THE STATE.

No. 8259. Decided October 8, 1924.

Rehearing denied. November 26, 1924.

1.—Rape—Argument of Counsel—Not Improper, When.

Appellant complains of the argument of the state's attorney in this cause. His objections to the remarks were sustained at the time, and the jury was instructed to disregard them. The argument was not improper, in the light of the record, and not such as would prevent any harmful effects by their withdrawal. See Tucker v. State, 257 S. W. Rep., 260, Branch's Ann. Tex. P. C., sec. 362.

2.—Same—Charge of Court—Special Charge—Properly Refused.

Where all of the issues were properly given in charge to the jury, special charges are properly refused. The record presents no affirmative defense, and defensive instructions were therefore not called for. Prosecutrix testified to a case of rape by force. Appellant in his own behalf denied her statements. Appellant's rights were fully conserved in the main charge of the court.

3.—Same—Charge of Court—Limited to Issues Raised.

Under the testimony in this cause, the issue of an aggravated assault was not raised. The court properly refused to submit this issue.

Appeal from the District Court of Jones County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for rape; penalty, ten years in the penitentiary.

*Lon A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of ten years.

According to the State's testimony, Daisy Corder, attended a party some five miles from her home and there met the appellant. He became her escort in returning to her home. They rode together in a Ford automobile. Appellant drove the car on the wrong road. The prosecutrix protested and then jumped from the car. Appellant stopped and she got back in the car, which the appellant started in the direction of her home. On the way he importuned her to extend him sexual favors. She declined and he hit her on the head with his fist. She lost consciousness and when she regained it, she was on a cushion which was on the ground; her clothes were up and her drawers had been torn open. She began to fight and made outcry. Appellant threatened to beat her. He persisted in his assault and succeeded in penetration. Her apparel was produced in court and according to her testimony, the rents and blood upon them were due to the assault. After the episode, she got into the car and they rode part of the way together. They overtook certain parties on the road: the two Terrells, Oldham and Mims. Appellant told the prosecutrix he wanted her to get into the car with Mack Mims. She ran and the appellant pursued her. Appellant finally desisted and she went to the home of one Williams which was nearby. Williams accompanied her to her father's home. She had bruises on her limbs and upon her breast. Her arms were scratched, and there were finger-prints upon her throat. The act of intercourse was accomplished without her consent.

According to the appellant, on the way home with the prosecutrix he drove on the wrong road about ten steps. He drove out of the road, stopped his car, and asked her to have intercourse with him, to which she made no reply. He took the cushion in the car and threw it on the ground. She got out and sat on it. He began to ask her if she was going to have intercourse with him, and she said, "No." Appellant then told her that he would take her home and would not go with her anymore. She replied: "I'll have you in two months, or I'll kill you." Appellant said: "You had just as well kill me because we wouldn't be married.' This was the second time he had been with her. He had had intercourse with her on the first occasion. This occurred on the back seat of the car. On the occasion upon which the prosecution rests she told him, upon his insisting that she submit to his embraces, that she was not going to do it any more.

In his argument the State's attorney said:

"When Bob Corder looked upon his daughter that night the scene was enough to stir in his bosom the very fires of hell."

Also:

"The defendant should be thankful that the wrath of some other outraged father has not overtaken him before now, and that Bob Corder consented for the law of this country to take its course."

Objection to these remarks was sustained at the time and the jury was instructed by the court to disregard them. The argument was violative of no provision of the Constitution or statute, and considered in the light of the record, it was not such as would prevent any harmful effect by their withdrawal. See Tucker v. State, 257 S. W. Rep., 260; Branch's Ann. Tex. P. C., Sec. 362.

Bill of Exceptions No. 7 complains of the remarks of counsel in which he said that the prosecutrix had been raped; that there were finger-prints upon her throat; that her eyes were blood-shot; "who, if not the defendant, did it?" The argument was consistent with the testimony of the prosecutrix who described the assault and her condition, controverted by the testimony of the appellant. He left upon the jury the inference that his conduct was not such as to leave upon the prosecutrix any marks of violence. It was not incumbent upon the court to withdraw the argument which was not shown by the bill to have been an improper inference from the testimony in the record.

The court, in its charge, fully informed the jury that proof of penetration of the sexual organ of the prosecutrix by that of the appellant was essential to conviction. A further definition of carnal knowledge is unnecessary.

In the exception to the main charge and in the special charges requested, appellant sought to have the court instruct the jury in substance if they believed that by the present or past acts or conduct of the prosecutrix the appellant was led to believe that she would not object to carnal intercourse with the appellant on the occasion of the alleged offense, and that acting upon this behalf, appellant requested her to extend to him the carnal favors and that upon the denial of this request the appellant made no effort to gratify his desire, he would not be guilty. It occurs to us that as applied to the offense of which the appellant was charged and which the State introduced evidence to support, the record presents no affirmative defense. The effect of appellant's testimony is to controvert or negative the occurrence of the alleged act. Appellant's rights seem to have been sufficiently conserved in the charge of the court, notably in subdivision 6, which is as follows:

"Before you can convict the defendant you must believe from the evidence beyond a reasonable doubt that the defendant, on the night

of May 5th, 1923, in the County of Jones and State of Texas, on or near the road from the residence of Milton Harrell to the residence of R. B. Corder, did then and there make an assault in and upon the said Daisy Corder, and you must further believe from the evidence beyond a reasonable doubt that the said Daisy Corder was then a woman; and you must further believe from the evidence beyond a reasonable doubt that the defendant did then and there, by force, violently ravish and have carnal knowledge of the said Daisy Corder, without her consent and against her will, and you must further believe from the evidence beyond a reasonable doubt that such force, if any, must have been such as might reasonably supposed to be sufficient to overcome all resistance within the power of Daisy Corder, taking into consideration the relative strength of the parties and other circumstances in the case, and you must further believe from the evidence beyond a reasonable doubt that at said time and place the sexual organ of Daisy Corder was penetrated by the sexual organ of the defendant, and unless the State has proved each and all of said matters beyond a reasonable doubt, you will acquit the defendant."

If the appellant, acting upon the well-grounded belief founded upon the previous relations of the parties, that his advances would not be objectionable, had made an assault falling short of the act of intercourse, he would have been within his rights in demanding that the court instruct the jury in accord with that theory to the end that it might taken into account in excusing the assault or reducing its grade. Such seems not to be the case, neither from the testimony of the prosecutrix nor that of the appellant. Nor is there perceived by this court any testimony that would bring into operation the principle of law under discussion. If the testimony of the State is believed, the assault was made, followed up by the ultimate consummation of the act of intercourse. If the appellant's testimony is believed, there was no assault of any character. His utmost was to importune the prosecutrix to consent to his embraces. We are constrained to regard the charge given by the learned trial judge to have so accurately submitted the issues in the case arising from the evidence and to have so carefully guarded the rights of the accused that this court would not be warranted, because of any omission in the charge, to overturn the verdict. Nor do we believe that there was error in declining to submit to the jury the issues of assault with intent to rape or of aggravated assault.

Finding no error requiring a reversal, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, Judge.—In view of appellant's motion we have again examined his evidence and are confirmed in our views that it raises

no affirmative issue. The charge and the State's case is one of rape by force. Appellant by his testimony does not even raise the issue of aggravated assault as a defense to the charge of rape. Whatever fondling may have been done by him, if any, was according to his evidence with the consent of prosecutrix, and this, if true, falls short of aggravated assault in this character of case. His defense was not affirmative, but purely negative, and covered fully we think in the charge given. Under the facts of the present case we do not perceive the application of Owens v. State, 39 Texas Crim. Rep., 391, 46 S. W. 240; Perez v. State, 48 Texas Crim. Rep., 225, 87 S. W. 350; Tucker v. State, 94 Texas Crim. Rep., 119, 249 S. W. 1063.

The motion for rehearing is overruled.

*Overruled.*