## ROBERT WEIR v. STATE.

No. 25007. December 13, 1950.
Rehearing Denied February 21, 1951.

470

*Royce A. Oxford,* Edinburg, and *C. C. Small,* Austin, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the crime of rape, and by a jury given a sentence of five years in the penitentiary.

The testimony of the state's witness showed a rape by force. The appellant's testimony would lead the jury to believe that his victim was giving tacit consent to his attempted act with her, but that she finally refused him that privilege; that he played with her, fondled her person and finally inserted his finger into her private parts; that upon finding no response thereto, he abandoned his purpose and left her house. He denied offering any violence or force to her.

The testimony of the state shows that the injured lady was

a married woman with two children: one 11 years old and one 9 years of age; that she had been married 15 years; that she weighed 94 pounds and was 5 feet and 1 inch tall. She had at one time broken her back and had recently had a serious female operation from which she was gradually recovering.

Appellant was also a married man, 32 years old, a traveling salesman, living in another county. On the date of the alleged offense, he weighed about 142 pounds.

The lady's testimony was that on account of her weakness, she fainted or blacked out more than once in the struggle with appellant, but that he finally penetrated her privates with his privates against her consent.

A physician, Dr. McClellan, examined the prosecutrix on the day of this alleged offense. He testified that he treated her in such afternoon, first for shock, and in a few minutes, she tried to talk to him but she could not speak coherently; that he could get no information from her. He administered a sedative to her, and in about 15 minutes she talked to him and he examined her body. In her female parts there was considerable trauma, that is, injury to the external female parts, abrasions in the tissues to the entrance of the vagina between the lips of the genital parts, and an unusual accumulation of mucus. She was an extremely nervous, hysterical patient with damaged tissues to the female organs; and at that time there was no evidence of bruises to the rest of her body. Upon a further examination on the next morning, the genital organs were the same except for the absence of mucus, but he found black and blue spots on the vaginal wall, on the right knee, and on the inside of both thighs up near the crotch there were black and blue marks. These bruises would take at least from four to eight hours to become visible on such a person as this prosecutrix.

It was shown that the prosecutrix was preparing to make a fruit cake, and her testimony shows that she had bowls of fruit prepared and on the table in the room in which the attack began.

Her husband testified that upon being called home soon after this occurrence, he found his wife in a hysterical condition, and "the house was all upset; * * * there *was* fruits, raisins, currants, and dried citrus all over the table and all over the floor, under the bed, under the table, and under the refrigerator, and under the chest of drawers, chair upset on the floor, and

the bed was mussed up; my wife was on the bed and seemed to be very upset." From the witness we quote:

"As to my wife's condition, she was always frail, not too strong physically, but she had a lot of fortitude. She had an accident in September, 1948; she was in the hospital for forty-five (45) days and she had four (4) blood transfusions; I almost lost her at that time; the operation was performed by Dr. Maxwell, a major operation; and we were warned by him that she must not get excited, she must not be upset; she was getting along real well, and the doctor had dismissed her, I think in February or March, 1949; and to get beneficial results from the operation, he said it would probably take a year or longer until she would heal completely; she was in good spirits and getting along as well as we had expected at the time of this incident. She had fainting spells—she had always had more or less of a tendency towards fainting; she was not too strong that way; if anything excited her too much, she became faint and sometimes would faint."

The state's testimony makes a case of rape by force.

Appellant, however, argues that such facts are insufficient because of the fact that this encounter took place in a house in a trailer park, and that when such began the lady was sitting in a chair some two steps from the door; that she made no effort at flight, nor did she give any outcry for help, although others were nearby who might have been called to her aid.

Evidently much of the above-quoted testimony could have been used by the jury in corroboration of the story told by the prosecutrix. Suffice it to say that we are of the opinion that a sufficient amount of resistance is shown, taking into consideration the relative size and strength of the parties, evidencing her resistance and lack of consent to this invasion of her body by appellant, and she having testified to a completed act upon appellant's part.

Bill of Exception No. 1 is in question and answer form and should not be considered. However, a perusal thereof shows it to relate to the district attorney having some document in his hand when cross-examining one, Frank Hunt, (who was a character witness for appellant) about whether or not he had heard certain facts about appellant. The objection seems to be leveled at a certain document from the Texas State Department, the bill going no further in describing the same; and not being in the record, we have no means of knowing, and are

unable to ascertain what was in such document. The trial court qualified the bill as follows:

"That the alleged paper complained of by the said Bill of Exception was never read before the Jury, was never read before the Court nor by any witness; was never introduced in evidence, nor in anywise made a part of the record in this case."

This bill is therefore overruled.

Bill No. 2 reflects the following occurrence: While the assistant district attorney was arguing the case before the jury, there arose a question of difference between the state's attorney and counsel for the defense as to what was said by appellant's wife relative to appellant being previously placed in jail for hit and run driving. The state's attorney was arguing these matters and was interrupted by appellant's attorney and charged with misquoting the testimony in that such attorney claimed that appellant's wife testified that she did not know of any such transaction, while the state's attorney contended that he was correctly quoting the testimony and that she answered "Yes" to such inquiry. Thereupon the trial court instructed the jury as follows:

"Gentlemen of the Jury, if you recall that the witness Mrs. Robert Weir testified that she had heard rumors that the Defendant Robert Weir was placed in jail in Corpus Christi, Texas, in 1940, then you may consider counsel's argument; otherwise, you will certainly disregard it."

The court's qualification also contains certain quotations from the testimony of the jurors on the motion for a new trial; and those testifying relative thereto seems to be at variance, some saying they did not remember the matter, some saying that she said, "No," and some saying that she said "Yes." It seems that appellant filed an application for a suspended sentence, and thus placed his reputation for a law-abiding citizen in issue. Therefore, these matters became pertinent when the state questioned the witnesses as to their knowledge of such reputation. We do not think that this disagreement between the opposing sides as to certain testimony was of sufficient importance for this court to try to decide the same. The bill is overruled.

We find no error shown herein, and the judgment will be affirmed.

474

MORRISON, Judge.

Appellant complains of the trial court's failure to give his requested charge No. 1 and states that this court must either reverse this case or repudiate its holding in Tucker v. State, 94 Tex. Cr. R. 119, 249 S.W. 1063.

In the Tucker case, as in the case at bar, the prosecutrix testified to an act of intercourse accomplished by force and against her will. In each case "appellant's defense was that in all of his conduct toward prosecutrix he acted with her consent and approval, that her acts toward him had been of such character that he had every reason to believe she would consent to intercourse with him, and that at the time of the alleged offense, when she refused to go further in the matter then as testified to by him, he immediately desisted" and did not effect penetration.

Judge Hawkins reversed the Tucker case because nowhere in the charge was this defense incorporated. In that case this omission was called to the court's attention in two ways:

(1) By a requested charge, and

(2) By excepting to the charge as given because it failed to present appellant's defense.

In the case at bar, we have a requested charge, but no exception to the charge as given because of the failure to present appellant's defense.

The court in this case, after having applied the law to the facts, gave three separate affirmative charges:

(1) Instructing the jury to acquit if they found an act of intercourse was had with prosecutrix's consent.

(2) Instructing the jury that consent was to be presumed unless prosecutrix resisted and to acquit unless they found resistance; and

(3) Instructing the jury to acquit "if they found, or had a reasonable doubt, that prosecutrix by her acts, words or conduct led the defendant to believe that she gave her consent, either expressed or implied, from her conduct, to do the acts which he did * * *." This was clearly an effort on the part of the trial court to present affirmatively to the jury appellant's defense.

Attention is further called to the court's main charge in which he gave a charge on penetration and instructed them to acquit unless they found penetration, which was not done in the Tucker case.

If appellant had been dissatisfied with the form of this charge on his defensive theory, he should have excepted to the form. He chose instead to request a special charge. It is the holding of this court that the requesting of a special charge is sufficient to call the court's attention to an omission to charge on the matter requested but cannot be considered as an objection to the form of the charge where the matter is actually charged upon.

Appellant's defense was not charged upon in the Tucker case, hence the reversal, but was in this case. Having failed to demonstrate his dissatisfaction to the manner in which it was charged by an objection, the same has been waived.

Appellant's requested charge No. 2 does not represent an accurate statement of the law and therefore should not have been given. Bundren v. State, 152 Tex. Cr. R. 45, 211 S.W. 2d 197; and Adair v. State, 155 Tex. Cr. R. 377, 235 S.W. 2d 170.

Appellant's motion for rehearing is overruled.