Samuel Walter WICKWARE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45455.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Michael A. Robertson, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of felony theft. Punishment was assessed at ten years' confinement.

A special agent for the Santa Fe Railroad testified that on February 24, 1971, he observed appellant walking beside a row of automobiles parked along the street, and appellant was going from car to car checking the doors. The agent testified that appellant worked his way along one side of the street up about a block and a half and then crossed over to the other side of the street. After checking approximately twenty cars, apepllant successfully opened the door of an automobile belonging to a Mr. Bailey. Appellant was next observed as he made two or three trips to an overhead door of a nearby warehouse, where Bailey was employed. The door contained a window, through which one might look into the warehouse. The witness stated that after looking through this window several times, appellant got into the auto-mobile he had found unlocked, and drove away. The agent followed in his automobile, turned on his red light and sounded his horn. Appellant drove about half a block and then stopped. Police officers were summoned and appellant was placed under arrest.

Appellant testified in his own behalf. He stated that the day before the offense, he began drinking shortly after 8:30 p. m., and drank until at least 3:00 a. m. He testified that he remembered being in a club with two other persons, whose names he could not remember, and that the next thing he remembers is when he "came to" as the agent started blowing his horn. Appellant stated he didn't "have any idea" as to how he happened to be at the scene of the offense at that time. Appellant's guess as to what happened is that he was "drugged and clipped" since he was carrying a substantial amount of money.

Three grounds of error are alleged on appeal, two of which challenge the court's charge.

■ Appellant contends that the trial court erred in failing to submit appellant's requested charge on lack of knowledge. Appellant submitted a requested charge which stated that if the jury should find appellant had no knowledge that he was taking the property of another without his consent, that they should acquit the appellant. We note that, in fact, this element was included in the court's charge. Fraudulent taking, an essential ingredient of theft, was defined as including the fact that "the person taking knew at the time of the taking that the property was not his own" and that the property was taken without the consent of the owner. The jury was charged that they should find appellant guilty only if they found and believed, beyond a reasonable doubt, that these elements were true. We find no merit in appellant's contention.

Appellant further alleges error in the trial court's failure to submit his requested

charge on mistake of fact. It is appellant's contention that the State raised the affirmative defense of mistake of fact when the agent for the Santa Fe Railroad testified. The following colloquy occurred:

"Q Did he tell you that he had been drugged and rolled?

"A No, sir.

"Q Did he tell you how he got there—how he got there at that location?

"A He said something about some friends brought him up there to pick this car up to wash it and clean it up.

"Q Tell you where his friends had brought him from?

"A No.

    \*     \*     \*     \*     \*     \*

"Q (By Mr. Scott) [Assistant District Attorney] Did you ask him what this fellow's name was, this friend who he was telling you about that he was going to get it washed and cleaned for?

"A Yes, sir.

"Q And what did he say about this fellow's name that he supposedly owned this car?

"A He couldn't produce a name.

"Q What about where he was going to take it to get it washed and cleaned? Could he tell you where it was he was supposed to take it to get it washed and cleaned?

"A No, sir.

"Q Could he tell you who the guys were that brought him there?

"A No, sir.

"Q In fact, he couldn't tell you nothing about this? He just said, 'Gentlemen, I was just taking it to get it washed and cleaned for a friend'? Is that about the thrust of it?

"A Yes, sir.

"Q Couldn't provide you any names or addresses?

"A No sir.

"Q Or anything else?

"A No, sir."

Thus, appellant argues that this testimony was sufficient to raise the defense of mistake of fact, in spite of the fact that appellant later testified he was "not telling the jury that," referring to the car-washing story. We find it highly questionable whether the evidence presented is sufficient to put the defense of mistake of fact into issue. In light of other facts, however, we need not reach that question. Appellant's counsel objected to the court's charge,[1] but the error lies in his requested charge. The "mistake of fact" special charge which he requested reads as follows:

"That if you find that the Defendant, at the time and place, in question, believed he was picking up an automobile to be delivered to a car wash then you will acquit the Defendant."

■ The requested charge does not correctly state the law. Nowhere does the requested charge make mention of the fact that a mistake of fact, in order to qualify under Art. 41, Vernon's Ann.P.C., must be such a mistake as does not arise from a want of proper care. Appellant's requested charge does not represent an accurate statement of the law and therefore should not have been given. Stewart v. State, 438 S.W.2d 560 (Tex.Cr.App.1969); Weir v. State, 155 Tex.Cr.R. 469, 236 S.W.2d 150 (1951). The instruction given by the court was adequate and fully protected the appellant's rights. See Parks v. State, 437 S. W.2d 554, 557 (Tex.Cr.App.1969) and authorities cited therein.

1. See Art. 36.14, Vernon's Ann.C.C.P.

**130**

In appellant's final ground of error, he challenges the sufficiency of the evidence. Appellant states that the verdict is contrary to the evidence, in light of the allegation that appellant "was acting under the involuntary influence of an unknown drug." The owner of the automobile testified that when he was told his car had been stolen, he hurried to the scene, and appellant stated: "Mister, I wasn't trying to steal your car." The owner testified that appellant's eyes were not bloodshot, his speech was not slurred, he did not stagger when he walked, and he was not tranquilized. The security agent who apprehended appellant testified that he appeared normal. A police officer called to the scene stated that appellant seemed to understand everything said to him and responded rationally. Appellant told the police his street address, date of birth, place of birth, phone number and where he was employed. There is no evidence that appellant told anyone at the scene that he had been drugged. Appellant testified that he complained to the jail authorities that he had a "droopy feeling." The only witness who in any manner substantiated appellant's story was his mother, who testified that appellant called her from the jail and "sounded unreasonable," and didn't know where he was. The jury chose to believe the witnesses for the State, and the evidence is clearly sufficient to support their verdict.

The judgment is affirmed.

MORRISON, Judge (concurring).

In Rice v. State, 156 Tex.Cr.R. 366, 242 S.W.2d 394, this Court said: "Appellant having testified, he made his own defensive theory and is bound thereby."

The above statement is applicable to this case because appellant testified and stated that he was drunk and did not know what he was doing. He did not claim that he took the automobile for a friend so that it might be washed.

This being the case, a mistake of fact is not in the case and there was no error in the Court's failure to charge on such issue.

I concur in the affirmance of this conviction.